GILBERT C. PRYOR, Defendant in Error, *vs.* BANK OF AMERICA *et al.* Plaintiffs in Error.—JOHN E. KAVANAGH, Plaintiff in Error, *vs.* BANK OF AMERICA *et al.* Defendants in Error.

*Opinion filed April 23, 1909.*

This case is controlled by the decision in *Kavanagh* v. *Bank of America,* 239 Ill. 404.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

DARROW, MASTERS & WILSON, and DAVID K. TONE, for plaintiffs in error.

ADAMS & FROEHLICH, for defendant in error Gilbert C. Pryor.

Per CURIAM : An intervening petition was filed by the defendant in error Gilbert C. Pryor in the case of *John E. Kavanagh* v. *Bank of America et al.*, in the superior court of Cook county, for an order on the receiver to pay him the amount of six certificates of deposit. Each certificate was in the following form, except that they were payable two in five, two in six and two in seven months after date :

"BANK OF AMERICA,                                        No. 22.

CHICAGO, *Jan. 15, 1906.*        $2500.

"F. E. Creelman has deposited in this bank twenty-five hundred dollars, payable in current funds six months from date, with interest at the rate of three per cent per annum on return of this certificate properly endorsed.       R. H. HOWE, *A. Cashier.*

Countersigned :   C. A. SAWTELLE, *Teller.*"

The same proceedings were had in the superior court and the Appellate Court as in the case of *Kavanagh* v. *Bank of America*, 239 Ill. 404, and, as in that case, separate writs of error have been sued out by the receiver and the complainant in the original bill and have been consolidated. That case contains a statement of facts which applies as well to this case. The certificates in this case were issued for the purchase of the Latannier bonds. On all the material points raised the same evidence was heard in both cases. It fails to establish any conspiracy on the part of the Jackson Trust and Savings Bank, or any of its officers, to defraud the Bank of America, or any knowledge or any fraud or imposition in obtaining the certificates in controversy. It does establish a purchase of the certificates by the Jackson Trust and Savings Bank in good faith in the usual course of business, before maturity, for value, and without knowledge of any infirmity in them or defense to them. The legal questions arising in this case have been considered and decided in the case of *Kavanagh* v. *Bank of America, supra.*

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*