Evans v. Illinois Surety Co., 209 Ill. App. 465.

---

## H. H. Evans et al. v. Illinois Surety Company. James S. Hopkins, Receiver, Appellant, v. John A. McCormick, Treasurer, Appellee.

### Gen. No. 23,545.

1. BILLS AND NOTES, § 16*—*what constitutes promissory note.* A certificate of deposit is in legal effect a promissory note.

2. INDEMNITY, § 9*—*what does not constitute deposit in bank within terms of bond.* There is a loan of funds to a bank by the treasurer of a drainage district, and not a deposit within the terms of an indemnity bond conditioned upon the bank well and faithfully performing and discharging its duties as depository of funds of the drainage district and paying out the funds so deposited in accordance with the warrant, check or direction of the drainage district treasurer, and accounting for and paying over all moneys received by it as such depository, where the treasurer at the time a certificate of deposit bearing interest falls due surrenders such certificate and receives a new one payable in three months with interest and a check for the amount of accrued interest.

3. PRINCIPAL AND SURETY, § 6*—*how undertaking of surety construed.* The undertaking of a surety must be strictly construed, and he cannot be held beyond the terms of his undertaking by implication or construction, and cases of doubt should be resolved in favor of the surety.

DEVER, J., dissenting.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1917. Reversed with directions. Opinion filed March 5, 1918. Rehearing denied March 18, 1918.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

A. J. HOPKINS, for appellant.

DEFREES, BUCKINGHAM & EATON, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

A bill was filed in the Superior Court in an action as above entitled, in which a receiver was appointed for the Illinois Surety Company. John A. McCormick, treasurer of the Sanitary District of Chicago, filed an intervening petition in that proceeding against James S. Hopkins, receiver of the Illinois Surety Company, to enforce the alleged liability of the Surety Company as surety on a certain bond in the penalty of $25,000, dated June 2, 1914, running to J. A. McCormick, treasurer of the Sanitary District, in which bond the LaSalle Street Trust & Savings Bank was principal. The bond recited that:

"The condition of the foregoing obligation is such that whereas, The LaSalle Street Trust & Savings Bank has been designated by said obligee as depository of funds and moneys coming into his hands as such Treasurer of said Sanitary District of Chicago, and

"WHEREAS, said Obligee may from time to time deposit said funds and moneys with said The LaSalle Street Trust & Savings Bank;

"Now, THEREFORE, the condition of the foregoing obligation is such that if the said The LaSalle Street Trust & Savings Bank shall well and faithfully perform and discharge its duties, as such depository, and pay out the funds and moneys so deposited with it and each and every part thereof, in accordance with the warrant, check or direction of the said J. A. McCormick, as such Treasurer, and shall account for and pay over all moneys received by it as such depository, then this obligation shall be null and void, otherwise to remain in full force and effect.

THE LASALLE STREET TRUST & SAVINGS BANK,
(Seal)   By C. B. Munday.

Attest:
Jno. H. Rife,
    Secretary.

Illinois Surety Company,
By A. J. Hopkins,
Attest:                                    President.
Chas. E. Schick,
    Secretary."

The petition averred that on June 11, 1914, McCormick, as treasurer of the Sanitary District, deposited in the LaSalle Street Trust & Savings Bank $50,000 of its funds and moneys; that on the next day the bank closed its doors and ceased to do business and that one William C. Niblack was appointed receiver; that McCormick demanded of both the bank and its receiver payment of the said $50,000, which was refused. McCormick assigned as breaches of the bond that the bank did not well and faithfully perform and discharge its duties as depository; that it did not pay out the funds and moneys deposited with it in accordance with the warrant, check or direction of appellee, and also that it did not account for and pay over all moneys received by it as such depository.

The answer of the receiver admitted the receivership proceedings; that McCormick was treasurer of the Sanitary District; the existence of the LaSalle Street Trust & Savings Bank; the making and delivering of the bond; the insolvency and receivership of the bank; and then pleaded as an affirmative defense that before the execution of the bond it was represented to the Surety Company that the bank was about to receive $75,000 from the Sanitary District in cash; that McCormick as treasurer would deposit the same in the bank on condition that the bank would execute to him depository bonds therefor; that three surety companies, of which the receiver's company was one, did execute bonds identical with the bond declared upon, each for $25,000; that McCormick as treasurer did not deposit $50,000 in funds and moneys of the Sanitary

District on June 11, 1914; that instead of requiring payment of $50,000 due and payable under certificate of deposit made on March 4, 1914, and due on June 4, 1914, McCormick gave extension of time for its payment, without the consent of the Surety Company, as a result of which the Surety Company stood discharged; that McCormick as treasurer of the Sanitary District entered into an agreement with the bank whereby he should receive 3 per cent. interest quarterly on said $50,000; that he did receive interest thereon without knowledge of the surety, and that such agreement was in violation of section 81 of the Criminal Code, wherefore the moneys represented by the certificates of deposit taken by McCormick as treasurer were not collectible, whereby the surety was discharged; that McCormick as treasurer of the Sanitary District did not deposit the $50,000 in the bank, but on the contrary loaned the same to the bank, and that in fact McCormick's transactions were loans and not deposits, and therefore not within the protection of the bond. To this answer a general replication was filed.

On the hearing of the intervening petition McCormick testified that the claim was made for funds of the Sanitary District and in support thereof introduced in evidence the following:

"Time Certificate of Deposit.

THE LASALLE STREET TRUST AND SAVINGS BANK
of Chicago.

No. 265-261

Chicago, Illinois, June 11, 1914.

John A. McCormick, Treas. has deposited with us Fifty Thousand.............00/100 Dollars payable to the order of himself in current funds on the 3rd day of September, 1914, without grace, on the return of this Certificate properly endorsed interest from June 3rd, 1914.

Chas. G. Fox,
Vice President and Cashier.

E. Stapleton,
Teller.

Not subject to check."
Endorsed "John A. McCormick, Treas."

Proof of demand upon the bank and its receiver was duly made and refusal to pay proven. The certificate of deposit above set out was a renewal of a previous certificate of date March 3, 1914. At the time that certificate was surrendered a cashier's check for $375, payable to McCormick, treasurer, was delivered to him for interest on the surrendered certificate.

It had been the practice between McCormick as treasurer of the Sanitary District and the Bank, for the former to surrender to the latter the certificates of deposit as they matured, McCormick taking the interest by a cashier's check and another certificate of deposit for the principal running three months. There was no deposit of money at the time the certificate of deposit in evidence was issued, but simply a surrender of the certificate of deposit, the certificate last issued taking its place.

The certificates of deposit were taken without the consent of the Surety Company and without its knowledge. As stated by counsel for appellee, "The evidence is not conflicting—only the inferences drawn therefrom by counsel." To this statement we accord our assent.

There are two propositions the solution of which must control our decision: First, Did McCormick, as treasurer of the Sanitary District, deposit in the LaSalle Street Trust &. Savings Bank, on June 11, 1914, $50,000, the moneys of the Sanitary District, or did he on that date renew a loan of $50,000 which he had theretofore made to the bank?

This court has held that certificates of deposit in the nature of the one in evidence for $50,000 are instruments in writing under sections 3 and 4, ch. 98, Rev. St., title "Negotiable Instruments Act" (J. & A. ¶¶ 7620, 7621), that they are negotiable instruments and assignable by indorsement; that, when such a cer-

tificate is indorsed and offered for surrender, the amount due is payable to the person presenting the same for surrender and payment. *Kavanagh v. Bank of America*, 145 Ill. App. 201. The Supreme Court held in affirming this case in 239 Ill. 404, that a certificate of deposit is in legal effect a negotiable promissory note. *Pryor v. Bank of America*, 240 Ill. 100.

The liability of appellant must be measured by the conditions and provisions of the bond in evidence, and in so doing the purpose of the giving of the bond must be borne in mind. The LaSalle Street Trust & Savings Bank had been designated by the Sanitary District as the depository of its funds and moneys coming into the hands of its treasurer, and in this regard the bond reads, "Whereas, said Obligee may from time to time deposit said funds and moneys with said * * * Bank," contemplating the deposit of moneys in the bank to the credit of the treasurer of the Sanitary District. The obligation upon the part of the bank, the principal obligor, is that it shall "well and faithfully perform and discharge its duties, as such depository, and pay out the funds and moneys so deposited with it and each and every part thereof, in accordance with the warrant, check or direction of the said J. A. McCormick, as such treasurer, and shall account for and pay over all moneys received by it as such depository."

It is beyond dispute that the averment that the $50,000 was deposited with the bank June 11, 1914, is not sustained by the proof. Neither funds nor money of the Sanitary District was deposited on that day with the bank. What really happened was that the former certificate of deposit for $50,000, which had matured, was surrendered, the interest thereon paid by a cashier's check, and the certificate of deposit in evidence issued as a renewal payable, not on check or warrant or at the direction of appellee, but on the 3rd of September, 1914, without grace, on its return prop-

erly indorsed. On the certificate was a special condition that it was "not subject to check."

It is patent that on June 11, 1914, McCormick as treasurer of the Sanitary District lost control of the $50,000 for the time being and, until maturity by its terms, of the certificate of deposit, which certificate of deposit was taken without the knowledge or consent of the Surety Company. This certificate was the last in a series commencing June 3, 1913, a year prior to the giving of the bond in suit, each of which ran for a period of three months, and all of which were issued and received without the knowledge or consent of the Surety Company. The bond was, in effect, surety for money deposited subject to check, and was not surety for money loaned to the bank. The certificate of deposit evidences a loan to the bank of $50,000, which did not mature until September 3, 1914.

At the time the bank became insolvent the money in this certificate was not due. Furthermore, we have grave doubts whether under the terms of the certificate of deposit the money, so far as the bank was concerned, was the money of the Sanitary District. The certificate states that "John A. McCormick, Treas. has deposited with us $50,000.00, payable to the order of himself, in current funds," etc. This certainly does not disclose that the funds deposited were other than those of McCormick personally. Be this as it may, however, the money was not a deposit, but was a time loan to the bank upon interest. It was held in *City of Sterling v. Wolf*, 163 Ill. 467, that the undertaking of a surety must be strictly construed, that he cannot be held beyond the terms of his undertaking by implication or construction, and that cases of doubt are generally resolved in favor of the surety. The certificate of deposit in evidence is a negotiable instrument in the nature of a promissory note, not an obligation contemplated by the bond of the Surety Company, nor do

the conditions of such bond make the Surety Company liable as surety.

There are two crucial questions argued by appellee for affirmance: One is that appellee on June 11, 1914, deposited in the bank $50,000, the moneys of the Sanitary District of Chicago; the other, that appellee's transaction with the bank on that day was a deposit within the intent and meaning and purview of the bond sued upon. Neither of these contentions is sustained. In the light of the conclusions to which we have come on these two questions, the remaining questions argued by appellee fall out of the case.

Appellee did not deposit on June 11, 1914, $50,000 in the bank, nor was the transaction which McCormick had with the bank on that day and for which he took the certificate of deposit in evidence within the intent, meaning or purview of the surety bond in suit. What was said in *Kavanagh v. Bank of America, supra,* stamps the transaction here involved as a loan.

We do not think the ruling of the Supreme Court in *People v. Belt,* 271 Ill. 342, has any application to the case before us. The *Belt* case was a criminal case and the holding of the Supreme Court was, in effect, that the defendant banker could not escape the effect of the Criminal Code by giving a certificate of deposit for money received when he was knowingly insolvent. To have held otherwise would have allowed the violator of the act to escape on a mere subterfuge. The character of the instrument was not of importance, but whether the banker was insolvent at the time he took the money, evidenced by the certificate, was. The court held in the *Belt* case, *supra,* that the object which the Legislature attempted to accomplish by making it a crime for a banker, broker or other person engaged in the banking business to receive deposits at a time when he knows he is insolvent was to protect the public, no matter what the form of the receipt issued as evidence of the fact of the making of such deposit;

therefore the nature and character of the instrument which evidenced the transaction was of no importance to a conviction.

The decree of the Superior Court allowing the claim of appellee against the Illinois Surety Company for $25,000, and ordering its payment in due course of administration, is hereby reversed with directions to the Superior Court to disallow the claim.

*Decree reversed with directions.*

MR. JUSTICE DEVER dissents.